COWAN, LIEBOWITZ & LATMAN **JUDGE CHIN**
1133 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-6799
(212) 790-9200

Attorneys for Plaintiff
MAJOR LEAGUE BASEBALL PROPERTIES, INC.

'09 CIV 00593

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAJOR LEAGUE BASEBALL PROPERTIES,    :
INC.,

                Plaintiff,    :    Civil Action No.

      -against-    :    **COMPLAINT**

DONRUSS PLAYOFF, L.P. and DONRUSS LLC,    :

              Defendants.    :
----------------------------------------------------------X

Plaintiff Major League Baseball Properties, Inc. ("MLBP"), by and through its undersigned attorneys, as and for its Complaint against Defendants Donruss Playoff, L.P. and Donruss LLC (collectively "Donruss"), alleges as follows:

## INTRODUCTION

1.    Donruss is a former licensee of MLBP with respect to baseball trading cards. This case involves Donruss' breach of the surviving terms of its contracts with MLBP as well as Donruss' violation of MLBP's and its clients' trademark, trade dress and rights of publicity rights in connection with Donruss' advertising and sale of various trading card sets since Autumn 2008. Donruss' cards depict certain Major League Baseball and Minor League Baseball players in their team's proprietary uniforms. The trademarks featured on the uniforms (as well as the overall trade dress of the uniforms) remain visible and identifiable to consumers, despite Donruss' calculated attempts on some cards to have such marks modified or partially obscured.

21307/112/1082470.3

2. Donruss has not obtained authorization to distribute the cards at issue. In addition to violating the applicable trademark and unfair competition laws with respect to use of both the Major League Baseball and Minor League Baseball trademarks and trade dress, Donruss' activities constitute a direct violation of its contractual promises contained in its MLBP license agreements – promises which, by their terms, survive the expiration of those agreements. Donruss' release of the trading cards at issue additionally violates the Minor League Baseball players' rights of publicity, which are controlled by MLBP, as agent for the Minor League Baseball and Major League Baseball entities.

## THE PARTIES

3. Plaintiff MLBP is a New York corporation with its principal place of business at 245 Park Avenue, New York, New York 10167.

4. Upon information and belief, Defendant Donruss Playoff, L.P. is a Delaware limited partnership with its principal place of business at 2300 East Randol Mill Road, Arlington, Texas 76011.

5. Upon information and belief, Defendant Donruss LLC is a Delaware limited liability company with its principal place of business at 1517 W. North Carrier Parkway, Suite 155, Grand Prairie, Texas 75050. Upon information and belief, Donruss LLC is the general partner of Donruss Playoff, L.P.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over the federal trademark claims arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq., pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because

Donruss is doing business in this District, has sold the trading cards at issue in this case within this District and has consented to jurisdiction in this District with respect to any disputes arising under its prior license agreements with MLBP.

## FACTS

### MLBP, the MLB Marks and the Minor League Baseball Marks

8. MLBP, which is indirectly owned by the 30 Major League Baseball clubs (the "MLB Clubs"), is a licensee of and acts as licensing agent for each of the MLB Clubs, the Office of the Commissioner of Baseball (the "BOC") and their respective affiliated entities (collectively, the "MLB Entities"). MLBP is responsible for, among other things, licensing the manufacture, production, distribution, sale and promotion of products bearing the intellectual property of MLBP and the other MLB Entities and for the protection of, and enforcement of rights in, such intellectual property.

9. Each of the MLB Clubs owns and uses the trademark names under which it competes, along with a variety of other names, trademarks, service marks, logos and designs, as well as its distinctive trade dress, including, without limitation, the unique and inherently distinctive color combinations, striping, and/or positioning of the Club names, logos and other elements (such as geographic designations) used on the MLB Clubs' uniforms (sometimes referred to herein separately as the "MLB Uniform Trade Dress"). All of the various names, trademarks, service marks, logos, designs and trade dress elements used by the MLB Clubs, including without limitation the MLB Uniform Trade Dress, are referred to collectively herein as the "MLB Marks."

10. MLBP has licensed hundreds of entities the right to use the MLB Marks on or in connection with a wide variety of goods and services. As a result of MLBP's licensing efforts,

-3-

over just the past ten years, the combined wholesale sales of Major League Baseball merchandise bearing the MLB Marks have exceeded $10 billion dollars domestically.

11. The MLB Marks also have been marketed and promoted extensively for many years in major magazines and newspapers, on television and radio and via the Internet, and have been the subject of extensive unsolicited media coverage across the United States and internationally. In addition, the MLB Entities spend millions of dollars annually in advertising and promoting goods and services identified by the MLB Marks, including the Major League Baseball games attended by millions of fans annually at ballparks throughout North America and enjoyed by millions more fans as a result of radio and television broadcasts and transmissions of such games via the Internet or other interactive media.

12. As a result of the substantial use and promotion of the MLB Marks for many years in connection with baseball-related services and as part of an extensive licensing program on a wide variety of goods and services relating to and promoting the MLB Clubs, the MLB Marks have become famous among the relevant consuming public and possess significant goodwill of great value to the MLB Entities.

13. MLBP also acts as licensing agent for the National Association of Professional Baseball Leagues, Inc. d/b/a Minor League Baseball ("Minor League Baseball"), its member leagues and member clubs and their respective affiliated and related entities (the "Minor League Baseball Entities"). In that capacity, MLBP is responsible for, among other things, licensing the manufacture, production, distribution, sale and promotion of products bearing the intellectual property of Minor League Baseball and the Minor League Baseball Entities and for the protection of, and enforcement of rights in, such intellectual property.

14. Included among the intellectual property licensed and enforced by MLBP are the

various names, trademarks, service marks, logos, designs and trade dresses, including uniform designs, of the Minor League Baseball Entities (collectively, the "Minor League Baseball Marks"). By virtue of the long and extensive use of the Minor League Baseball Marks, including without limitation, the substantial sales of authorized goods and services bearing such marks, the Minor League Marks have obtained wide renown and established substantial public recognition among members of the consuming public.

15. In addition, pursuant to its agency agreement with the Minor League Baseball Entities, MLBP also is responsible for enforcement of the names and likenesses of the Minor League Baseball players (the "Minor League Baseball Players Images"), which rights are exclusively controlled by the MLB Club to whom they are under contract and the Minor League clubs to which they are assigned to play when in the Minor Leagues.

The Baseball Trading Card Market

16. The trading card market is a highly visible market for MLBP and has been for decades. Over the past decade, MLBP's revenues from baseball card licensing is well over $100 million.

17. Currently, there are two active MLBP licensees authorized to use the MLB Marks on complete sets of trading cards (more than 750 cards annually) featuring Major League Baseball players in their distinctive MLB Uniform Trade Dress. In addition, there is one active MLBP licensee authorized to use the Minor League Baseball Marks and Minor League Baseball Players Images on trading card sets sold nationally, including at retail.

18. Notwithstanding the importance of the trading card market, the overall trading card market for the four major sports (baseball, football, basketball and hockey) has been steadily declining for many years, falling from approximately $1 billion at its height to

approximately $200 million at present. In addition, the market share within the trading card market for Major League Baseball licensed cards has decreased over the years from approximately 75%-80% in the mid-1980's to roughly 15-20% of the total market (including non-sports trading cards) as of today.

19. As a result, MLBP has chosen not to grant any additional companies the right to manufacture and sell complete sets of trading cards. In MLBP's reasoned judgment, the trading card market is saturated and any new entrant would diminish the value of the entire market for MLBP.

The Donruss License Agreements

20. Donruss manufactures and distributes sports trading cards throughout the United States. Beginning in 2003 (for a two year term) and again in 2005 (for a one year term), Donruss was party to two license agreements with MLBP (the "Donruss License Agreements") pursuant to which MLBP granted Donruss the right to produce trading card sets bearing the MLB Marks and featuring Major League Baseball players in the MLB Uniform Trade Dress. The term of the last of the Donruss License Agreements expired on December 31, 2005 (with a two month sell-off period expiring on February 28, 2006). (Copies of the Donruss License Agreements are attached hereto as Exhibit A).

21. The Donruss License Agreements unequivocally provide that Donruss will not use the MLB Marks in any capacity without the prior written consent of MLBP. In the most recent of the Donruss License Agreements, Donruss agreed as follows:

> Licensee hereby acknowledges the proprietary nature of all MLB Marks and acknowledges that all rights, title and interest to the MLB Marks, including Derivative Works (as defined below) created therefrom, belong to the individual MLB Entities and/or Licensor, as the case may be. For purposes of this Paragraph 15, "Derivate Works" refers to arrangements,

modifications and alterations of the MLB Marks.... Licensee represents that it has not made any unauthorized use of MLB Marks, including, without limitation, those contained in Licensor's Official Style Guide, <u>and acknowledges that a license from the MLB Entities and/or Licensor is required in order to use such MLB Marks or create derivatives thereof, and agrees that it will during or after the License Period make no use of any such MLB Marks, other than as provided in this Agreement, without the prior written consent of Licensor or the appropriate individual MLB Entity</u>.... Licensee further acknowledges that for purposes of this Paragraph 15, "use" includes, but is not limited to, trademark, fair, incidental, descriptive or functional uses. (emphasis added)

22. The Donruss License Agreements also provided that Donruss would not use the primary colors of the MLB Clubs in combination with baseball indicia or the MLB Clubs' geographic designation.

23. Pursuant to the Donruss License Agreements, Donruss agreed that its failure to perform any of the terms of the contract would result in immediate and irreparable damage to MLBP, entitling MLBP to injunctive relief.

24. The Donruss License Agreements expressly provided that the contractual provisions cited herein would survive the expiration of the agreements.

The Current Dispute

25. Notwithstanding the expiration of the Donruss License Agreements as of the end of 2005 and the absence of any new license from MLBP authorizing the use of the MLB Marks, Donruss has recently created and commenced selling trading card sets featuring cards which use the MLB Marks, including the MLB Uniform Trade Dress. The Donruss cards also use the Minor League Baseball Marks and Minor League Baseball Players Images.

26. On October 22, 2008, Donruss released the 2008 Donruss Baseball "Threads" series of trading cards. The "Threads" series includes numerous cards depicting former Major League Baseball players in the MLB Uniform Trade Dress and featuring various other MLB

Marks. Despite Donruss' calculated attempts to obscure or slightly alter the MLB Marks, such marks, including the MLB Uniform Trade Dress, remain clearly visible on numerous cards in the series and will be readily identifiable by the relevant class of consumers. Moreover, the "Threads" series also includes cards displaying current Minor League Baseball players in uniform and featuring various of the Minor League Baseball Marks. (Copies of representative examples of cards from the "Threads" series are attached hereto as Exhibit B).

27. Upon information and belief, additional series released by Donruss in December 2008, including the Donruss "Americana Sports Legends" series and the "Playoff Prime Cuts IV Baseball" series, also include cards depicting former Major League Baseball players in the MLB Uniform Trade Dress and featuring other visible and recognizable MLB Marks.

28. On August 21, 2008, after becoming aware of sell sheets advertising the imminent release of the "Threads" series, MLBP sent a letter to Donruss advising it that its use of the MLB Marks constituted a violation of federal and state trademark laws and was also a breach of the Donruss License Agreements. The letter demanded that Donruss cease and desist from exploitation of the unauthorized trading cards and any further use of the MLB Marks.

29. Donruss has refused to comply with MLBP's demands and follow-up attempts to resolve the dispute amiably have proved unsuccessful. Upon information and belief, unless and until Donruss is enjoined from any further unauthorized exploitation of the MLB Marks, the Minor League Baseball Marks and the Minor League Baseball Players Images, Donruss will continue to use such marks and images in violation of MLBP's rights.

30. Upon information and belief, by virtue of its unlawful conduct, Donruss has made substantial profits and gains to which it is not in law or equity entitled.

31. Upon information and belief, Donruss' actions have been undertaken in willful

and blatant disregard of MLBP's and all related MLB Entities' and Minor League Baseball Entities' rights.

32. As a result of Donruss' unlawful actions, MLBP has been damaged and has suffered, and continues to suffer, immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT I
### (Breach of Contract)

33. MLBP repeats and realleges the allegations set forth in paragraphs 1-32 above with the same force and effect as if set forth fully herein.

34. The Donruss License Agreements are valid and binding agreements.

35. MLBP has duly performed all of its obligations, if any, under the Donruss License Agreements.

36. By using the MLB Marks and/or modifications thereof in connection with its trading cards, as well as using the primary colors of the MLB Clubs in combination with baseball indicia and/or the MLB Clubs' geographic designations in connection with such trading cards, Donruss has breached the Donruss License Agreements.

## COUNT II
### (Lanham Act, §1125(a))

37. MLBP repeats and realleges the allegations set forth in paragraphs 1-36 above with the same force and effect as if set forth fully herein.

38. Donruss' use of the MLB Marks and Minor League Baseball Marks and/or modifications thereof in connection with its trading cards likely to cause confusion, mistake or deception as to the source or origin of such trading cards, and are likely to cause consumers to draw the false impression that Donruss and/or its trading cards are associated with, authorized,

endorsed or sponsored by, or that Donruss is a sponsor of, MLBP, Major League Baseball, Minor League Baseball, the MLB Entities and/or the Minor League Baseball Entities.

39. The acts of Donruss described above constitute the use in commerce of false designations of origin, and false or misleading descriptions of fact or false and misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III
## (Lanham Act, §1125(c))

40. MLBP repeats and realleges the allegations set forth in paragraphs 1-39 above with the same force and effect as if set forth fully herein.

41. The MLB Marks are famous and were famous long prior to Donruss' use of such marks.

42. Donruss' actions as described above constitute dilution of the distinctive quality of the famous and distinctive MLB Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT IV
## (Unfair Competition)

43. MLBP repeats and realleges the allegations set forth in paragraphs 1-42 above with the same force and effect as if set forth fully herein.

44. Donruss' actions as described above constitute unfair competition under the common law of the State of New York.

## COUNT V
## (Common Law Trademark Infringement)

45. MLBP repeats and realleges the allegations set forth in paragraphs 1-44 above with the same force and effect as if set forth fully herein.

46. Donruss' actions as described above constitute trademark infringement under the

common law of the State of New York.

## COUNT VI
### (New York General Business, §360-l)

47. MLBP repeats and realleges the allegations set forth in paragraphs 1-46 above with the same force and effect as if set forth fully herein.

48. Donruss' actions as described above causes a likelihood of dilution of the distinctive quality of the MLB Marks and Minor League Baseball Marks, in violation of New York General Business Law § 360-l.

## COUNT VII
### (New York Civil Rights Law, §§ 50, 51)

49. MLBP repeats and realleges the allegations set forth in paragraphs 1-48 above with the same force and effect as if set forth fully herein.

50. Donruss' trading cards use the name, portrait and/or pictures of the Minor League Baseball players for advertising or trade purposes without the written consent of the owners of such rights. Accordingly, Donruss' commercial sale of the cards constitutes a violation of New York Civil Rights Law §§ 50, 51.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant as follows:

A. That Donruss and its agents, servants, representatives, employees, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently, from using the MLB Marks, including without limitation the MLB Uniform Trade Dress, the Minor League Baseball Marks and any other marks confusingly similar to the foregoing marks.

B. That Donruss and its agents, servants, representatives, employees, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently, from using the Minor League Baesball Players Images.

C. That all merchandise, signs, point of purchase displays and materials, boxes, packaging, wrappings, catalogs, decals, flyers, brochures, or other goods or printed matter or advertising or promotional materials bearing the MLB Marks, including without limitation the MLB Uniform Trade Dress, the Minor League Baseball Marks, any other marks confusingly similar to the foregoing marks, or the Minor League Baseball Players Images, be delivered up for destruction or other disposition at Plaintiff's sole discretion.

D. That Donruss be directed to file with the Court and serve upon Plaintiff, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Donruss has complied with the provisions set forth in Paragraphs A through C above.

E. That Donruss be directed to account to Plaintiff for all gains, profits and advantages derived from Donruss' wrongful acts, together with interest therein.

F. That Donruss pay to MLBP any damages sustained by MLBP by reason of Donruss' wrongful acts in an amount to be determined at trial, together with interest therein.

G. That as exemplary damages MLBP recover from Donruss three times the amount of Donruss' profits or MLBP's damages, whichever is greater, for willful infringement and dilution.

H. That Donruss be ordered to pay punitive damages in an amount to be determined at trial as a result of its willful conduct.

I. That MLBP recover its reasonable attorneys' fees from Donruss, together with the costs of this action.

J. That MLBP be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 21, 2009

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Richard S. Mandel (RM-4884)

1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200

Attorneys for Plaintiff
Major League Baseball Properties, Inc.

21307/112/1082470.3