UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MAJOR LEAGUE BASEBALL PROPERTIES,
INC.,                                               Civil Action No. 09 CV 00593 (DC)

           Plaintiff,

  -against-                                     **ANSWER TO COMPLAINT**

DONRUSS PLAYOFF, L.P. and DONRUSS LLC,              **JURY TRIAL DEMANDED**

           Defendants.
-------------------------------------------------------------------x

      Defendants DONRUSS PLAYOFF, L.P. and DONRUSS LLC (collectively "Donruss"), by their attorneys, answer the Complaint of plaintiff Major League Baseball Properties, Inc. ("MLBP") as follows:

1. Denies the allegations of paragraph 1, except admits that Donruss is a former licensee of MLBP with respect to baseball trading cards.

2. Denies the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5, except denies that the address is correct.

6. Admits that this Court has subject matter jurisdiction.

7. Admits that venue is proper in this Judicial District.

8. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

1

10. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies the same.

11. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies the same.

13. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies the same.

14. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies the same.

15. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same.

16. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies the same.

17. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies the same.

18. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies the same.

19. Is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies the same.

20. Admits the allegations of paragraph 20, except denies all allegations based on definitional terms contained therein.

21. Admits that the expired license agreements contain the quoted language in paragraph 21, but denies all other allegations contained therein.

22. Denies the allegations of paragraph 22.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24.

25. Denies the allegations of paragraph 25, except admits that Donruss sells trading card sets.

26. Denies the allegations of paragraph 26, except admits that Donruss sold the "Threads" series of trading cards.

27. Denies the allegations of paragraph 27, except admits that Donruss sold the "Sports Legends" and "Prime Cuts" series of trading cards.

28. Admits the allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-32.

34. Denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-36.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-39.

41. Denies the allegations of paragraph 41.

42. Denies the allegations of paragraph 42.

43. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-42.

44. Denies the allegations of paragraph 44.

45. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-44.

46. Denies the allegations of paragraph 46.

47. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-46.

48. Denies the allegations of paragraph 47.

49. Repeats and incorporates by reference its responses to the allegations of paragraphs 1-48.

50. Denies the allegations of paragraph 50.

## Affirmative Defenses

51. The complaint fails to state a claim upon which relief may be granted to MLBP against Donruss.

52. Donruss is and has been duly licensed to the extent necessary to sell its trading card sets complained of.

53. Donruss is not using and has not used any trademarks of MLBP in the sale of the trading card sets complained of.

54. MLBP has no standing to bring an action for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c).

55. Any use by Donruss of MLBP's trademarks is a nominative fair use.

56. MLBP has no standing to bring an action for violation of the New York Civil Rights Law §§ 50, 51.

57. Any attempt by MLBP to extend terms of the license agreements to trading cards never contemplated by those agreements was and is unconscionable under Section 2-302 of the New York Uniform Commercial Code and the common law.

WHEREFORE, Donruss pays that the Complaint be dismissed in its entirety, that Donruss be awarded its reasonable attorneys' fees and costs, and that the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 27, 2009  COOPER & DUNHAM LLP

　/s Norman H. Zivin /
Norman H. Zivin (NZ-6053)
Tonia A. Sayour (TS-7208)
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Defendants
Donruss Playoff, L.P. and Donruss LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2009, the foregoing **ANSWER TO COMPLAINT** was filed using the CM/ECF system. Notice of this filing will be sent to the following counsel of record for the interested parties by operation of the Court's electronic filing system:

>Richard S. Mandel, Esq.
>Cowan, Liebowitz & Latman, P.C.
>1133 Avenue of the Americas
>New York, New York 10036-6799
>
>
>Attorney for Plaintiff
>Major League Baseball Properties, Inc.

                                                            /s Norman H. Zivin/
                                                              Norman H. Zivin